UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
v.

ONE RURAL PROPERTY, MORE FULLY          CIVIL NO. 96-1836 (DRD)
DESCRIBED AS FOLLOWS
RUSTICA: PARCELA DE TERRENO
QUE RADICA  EN EL BARRIO
EMAJAGUA DEL MUNICIPIO
DE MAUNABO, etc.

## ORDER

The United States asserted a forfeiture claim against three rural parcels (Properties A, B and C, respectively) formerly belonging to convicted drug trafficker Daniel Paniagua-Ramos and his wife Grisette Diaz-Aleman, because these properties allegedly constituted proceeds traceable to the exchange of controlled substances pursuant to 21 U.S.C. §881(a)(6) or involved in, or traceable to, a money laundering offense pursuant to 21 U.S.C. §1956 and 1956 (see Amended Complaint, Docket No. 24).  On January 5th, 2000, Claimant R & G Mortgage Corporation, holder of a $38,400 lien on Property C, reached a Stipulated  Expedited Settlement Agreement (Docket No. 40) with the United States Government.   On March 17th, 2000, Claimants Paniagua-Ramos and Grisette Diaz agreed to a Stipulation for Consent of Judgment (Docket No. 45) with respect to their claims on all three disputed properties.  Accordingly, on March 21st, 2000, the Court issued a Consent Judgment (Docket No. 46) based upon the terms of the settlement.  Sixty five days later, on May 25th, 2000, Banco Popular de Puerto Rico (BPPR) filed a Verified Claim (Docket No. 55), as successor in interest to several mortgage notes secured by Property A totaling $220,000, and requested that the Court vacate the Consent Judgment.  In its Motion to Set Aside Order (Docket No. 58), BPPR complains that it did not discover the forfeiture until after the Court's entry of judgment.  The United States simply responds, in its Motion to Strike Claim (Docket No. 57), that the judgment is final and unappealable, and it is now too late.

By virtue of 28 U.S.C. § 2461, civil in rem forfeiture proceedings are governed by Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule C(4) requires only publication, not personal service of process. However, for due process purposes, publication alone is not sufficient when the government can reasonably ascertain the names and addresses of interested parties. Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706 (1983); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); United States v. Woodall, 12 F.3d 791, 794 (8th Cir.1993) (when government knows of party's actual whereabouts, due process requires sending of notice to that address, especially where party is incarcerated); U.S. v. Approximately Two Thousand, Five Hundred Thirty-Eight Point Eighty-Five Shares (2,538.85) of Stock Certificates of Ponce Leones Baseball Club, Inc., 988 F.2d 1281, 1284 n.4 (1st Cir.

1993) (noting specifically in the forfeiture process that "[t]he Supplemental Rules do not expressly provide for the giving of notice to persons known to have an interest in the property, such as the owner or possessor of the property. [citation omitted]. However, such notice is constitutionally required [citation omitted]. Courts accordingly routinely order personal service to be made upon the owner or possessor of the property."). U.S. v. $184,505.01 in U.S. Currency, 72 F.3d 1160 (3rd Cir. 1995) (observing the government's contention that "it had no statutory duty to inform [owner]" was not "dispositive for due process purposes..."). These cases are equally applicable to a creditor claimant, since the rights of an innocent lien-holder are superior even to those of the United States in a forfeiture in rem action.[1]

Moreover, personal jurisdiction is a constitutional requirement premised on due process, and the Court may set aside the void judgment even if forfeiture proceedings have concluded by the time the interested party receives actual notice and files his claim. See Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30 (1972), Fed. R. Civ. P. 60(b)(4) (providing that a Court may, upon motion and within a reasonable time, vacate a judgment rendered without jurisdiction). Since the United States admittedly never served BPPR, a party with a known interest in the property, other than by publication, the Court hereby **GRANTS in part** BPPR's Motion to Set Aside Order (Docket No. 58) and Renewed Motion to Set Aside Forfeiture Order (Docket No. 59) and **DENIES** the United States' Motion to Strike Claim (Docket No. 57).

The Court notes that the stipulation by the United States and Claimants Paniagua-Ramos and Diaz-Aleman remains valid, as it was merely premised on the Claimants' representation that Property A had not been mortgaged between the date the complaint was filed and the date the stipulation was executed. The mortgage notes held by BPPR predate the complaint, and were, in fact, specifically listed in the caption to the instant proceedings throughout the litigation). Accordingly, the Consent Judgment entered on March 31st, 2000 (Docket No. 46) shall remain in force except that the Court hereby **ORDERS** the Property Registrar to retroactively reinstate the sixth, seventh, eighth, ninth and eleventh inscriptions on Property #6214, recorded at page 296 of volume 67 of Maunabo, Puerto Rico, first inscription of the Registry of Property of Puerto Rico, Guayama Part ("one urban lot and commercial building located at Barrio Emjagua, lot A, Road 901 of the Municipality of Maunabo, Puerto Rico"). In addition, the Court **ORDERS** the Clerk of the Court to serve this Order on the Property Registrar, and Claimant BPPR is authorized, if expediency requires, to present such Order to the relevant official in the Property Registrar's Office.

Although the Court has restored the status quo, it may not conclusively adjudicate

---

[1]    See 21 U.S.C. §881 (a)(7), providing that "no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner." An owner as used in this section may include a mortgage or lien-holder. See U.S. V. One Parcel of Real Estate Located at 6640 S.W. 48th Street, Miami, Dade County, Fla., 41 F.3d 1448 (11th Cir. 1995).

BPPR's interest in Property A because BPPR bears the statutory burden (see note below) of proving its status as an 'innocent owner'.  However, the Court wholeheartedly encourages the United States and BPPR to reach and amiable solution, and stands ready to adopt any reasonable stipulation.

IT IS SO ORDERED.

Date: March 4, 2001

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**